Let me ask you, the second case is Heng Chung. It's two different, totally unrelated. I understand that. What I want to ask is, is Mr. Afrasiabi here? Yes. So you'd be ready to argue that case when it comes. Okay. Yeah, okay. Good morning. My name is Cindy Chan. And I will be presenting the petitioner, Mr. Heng Chung, in this case, who is a native citizen of Cambodia and who also is a member of the Cambodian Freedom Fighters, also known as CFF. We are here today because Ms. Chung's asylum case was denied by the immigration judge and by the BIA on the basis that the CFF is a terrorist group. I will submit to the court that the judge and the BIA was error on the fact that the CFF is not a terrorist group because according to the U.S. Department of State, the CFF is not listed as a group, as a terrorist group. But of course, it can be a terrorist group even though not listed. That's correct, Your Honor. But on the other hand, if the group is a terrorist group, I believe our government, according to the State of Determination, should have listed accordingly. But on the other hand, the California State of Government of California also registered CFF in California as a political organization in 1999. What's the standard of review here on the determination? It sounds like what you have is a factual dispute. You don't disagree with what the law says, right? I don't. You're saying that in applying the law that the government got it wrong. I believe that's my opinion. So if that's correct, what is the standard of review that we apply here? Is it de novo review? Are we going to review this on some basis of abuse of discretion? What do we do here? I would like to submit to the court to review this case of the abuse of the fact finder's decision in this case. But at what level? Do we have to give any deference to what the IJ did and the BIA did? Or do we just look at it based upon the facts in the record and we decide it ourselves? I think de novo would be appropriate at this time. Do you have any case law that suggests that that is the correct standard? No, not at this time. Because all my brief, all my argument was based on the fact that CFF is not a terrorist group, which I believe the IJ and BIA made the wrong determination. And also, even if the CFF is a terrorist group, my client, his involvement with the group was minimum. He was a very short-term member of the group, and his thought was the group was just fighting for the freedom and democracy for the country. I believe his activity cannot be construed as a terrorist activity. His activity doesn't have to be terrorist. The activity that's terrorist has to be that of the organization. That's correct. In that regard, the CFF group, the only thing, the most major thing they did is in November 2000, they tried to overturn the government, which they think is communist government. This is supposedly similar to the Vietnam situation. The government of Vietnam was a communist government, and the country was freed from the communists. But as I read the statute, it doesn't differentiate between communist or non-communist or other forms of government. If there's an act of violence to overthrow the existing government, as I read the statute, that's terrorist under the statute. I agree with that point. However, my understanding is still the CFF is an organization in Cambodia. They tried to overthrow the government at that period of time, since 1998, 1999, 2000. Now, so far, now it's 2009. The organization is literally dissolved or is not existing anymore. That's one point. The other point is now my client flees from Cambodia because he was a member of that organization, and he is afraid his life of freedom will be tortured and jeopardized in that country by the government, the current government. So he came here to apply for asylum. The judge denied his asylum case based on two things. One, the CFF is a terrorist group. Secondly, that denied his asylum. Also denied the Convention Against Torture because there's no threats back to Cambodia. If you find him as a member of a terrorist group, and the government is against that group in Cambodia, how could you say he has no fear to return to that country, to be tortured, to be arrested, to be detained? So my argument will be two-pronged. One is I would submit to the court that the CFF is not terrorist group according to the definition, according to their actual activity. Let me ask you this question. Let's take it away from Cambodia and see if you agree with this. Let's assume that you have some people who live in Pasadena and say they're Russian, and they fled from what was the Soviet Union, and they formed an organization to overthrow the current Russian government, and they did what happened in this group. They had some armed people that go in and they shoot up some people. Seven people died. And they said, well, we're freedom fighters because Russia used to be a communist state. Would you make the same argument that that is not a terrorist organization? Your Honor, I would look into, yes, it will be defined as a terrorist group. However, in this particular case, I would submit to the court to consider the person individually today applying for asylum in the United States, his role in this group. Okay, we've got two different questions here. One is whether it's a terrorist group. It seems to me that you're really admitting that it does fall within the statute. You're arguing that your client didn't think of it as a terrorist group and had better motives and was only minimally involved. Isn't that your main argument? That's my argument as well, yes. Okay, so are you conceding then that CFF is under the statute a terrorist organization? I really don't want to concede that part. I know you don't want to, but I mean, in effect, that's what's happened, right? Okay, because I looked into research for this for a while. I just couldn't find any report, government's report, saying CFF is a terrorist group. No, but I'm just saying, if you look at the statute and take the example that I just gave you, I gather you would say that that's a terrorist organization. So if you just transfer the facts over to Cambodia, that's really what we've got here, isn't it? Yes. Okay, so what we're really moving on to then is your client's individual involvement, and that's what you want us to focus on now. Okay. In that regard, I would say that the facts show that his involvement was just raising money to recruit people, and he was trying to spray the idea that to free the Cambodians. That's his thoughts. Let me give you another example then. Let's assume that you have someone who is a believing, devout Muslim, a Wahhabi Muslim, and he or she believes that Osama bin Laden is a wonderful prophetic figure who is trying to rectify the iniquity of the Western world, and you go about raising money to help sponsor Osama bin Laden's activities. Would that be illegal under the statute? Well, Your Honor, we need to look into the person's knowledge or intention. If he or she was not fully informed or his... Does the statute require that? No. Why do we have to look into it then? However, I don't believe the statute should cover the whole group of people we should deal with each case. I appreciate your personal view on that, but I'm just saying, does the statute require knowledge on behalf of a fundraiser of everything that the terrorist group will or will not do? No, the statute didn't. Okay, so... So what is the statutory wording? Say that again. So what is the statutory wording? Well, the statutory wording is really broad, actually. It says no or should have known, right? Yes. Yes, very, very... So lack of actual knowledge is not a complete defense. If the person should have known, that's enough. That's correct. So it takes care of the willful blindness problem, basically. Well, in this case, he is an older guy. He's older people. His involvement... Don't say bad things about older guys. I'm sorry. Older guys, there's a lot of stuff we don't know. So what I'm trying to submit to the court is I believe this particular case, okay, even we say this is a terrorist group. He is barred from asylum. However, I believe the court should grant the relief in the form of cancellation of the CATS, Convention Against Torture. What proof do we have of likelihood of torture if he is removed or deported? There is a report about Cambodian government, the politics or the liberty there. There's no such human rights respected still according to our country report. There are reports that Cambodian government is still actively trying to arrest the CFF members. Even some of them were arrested falsely. It means that they are not the members, but they were still arrested because the government of Cambodia doesn't really respect the human rights. And my client had experienced that the government went to his house before he left Cambodia to look into his involvement. He left. He didn't get arrested or detained in Cambodia because he left the country. But if he returned to Cambodia, there's no guarantee that he will not be subjected to torture. Doesn't he have to show that he was subjected to past persecution? No, not for the Convention Against Torture, Your Honor. Okay, so you're just saying this is just a CAT claim. If we assume the CFF is a terrorist group and he's barred because... Then the only thing left is CAT. Right, right. I believe at least he should be entitled to that relief. Okay, why don't we hear from the government and then we'll give you a chance to respond. Thank you. May it please the Court, Ada Bosk on behalf of the Attorney General. I'm going to have to begin my argument. Initially, we would say under Belmont and under 1158, the Court generally doesn't have jurisdiction to review factual disputes regarding the terrorism bar as applied to asylum. In their briefs, Petitioner Chun had argued that there was a political offense exception, but she seems to have abandoned that issue, at least in her presentation here. So I will only say, as we said in our briefs, that there is no such exception under the plain language of the statute. And then turn to the arguments that she did raise, which first she started with whether the CFF is a terrorist organization. Just to address that really briefly, the record is replete with evidence that they do meet the definition in the statute, and that is that they were one or more persons who got together using explosives, firearms, or other weapons with the intent to endanger the safety of one or more individuals or cause substantial damage to property. There's Roman III in that list. Right. And as I said, the record is replete not only the documentary evidence, which includes the Department of State's patterns of global terrorism, which does specifically identify the CFF, the Cambodian Freedom Fighters, as a terrorist organization. The fact of what they did with that coup attempt in 2000 seems to be undisputed. Right. Does that mean that we have jurisdiction to determine under Ramadan whether or not given those facts that qualifies as terrorist activity under the statute? It's an argument, of course, that Petitioner has not made. That would be my first response. Under Ramadan, this Court held that it had jurisdiction to consider legal questions as well as mixed questions of law and facts where the facts were undisputed. Yes, to the extent that they don't dispute the underlying facts, that is that, although they do, I mean, they don't dispute that the CFF is a terrorist organization, but she seems to suggest that what Petitioner Aung San Suu Kyi did did not qualify. That's a different question. No, I'm asking only as to whether CFF is a terrorist organization. Okay. Second question is what did he do, what did he know? Okay, right. And to the extent that they don't dispute that, then that would be an undisputed fact that the Court could apply a law to, and thus under Ramadan the Court would have jurisdiction to consider that issue. So turning to what he did, and what he did thus far has been undisputed. I mean, he did recruitment and he raised money. Those two things are individually specifically identified in the statute as engaging in terrorist activities as well as encompassed under the broader provision that deals with material support to a terrorist organization. So it cannot be that the actions that he took do not fall within the specific language of the statute, whether under specific provisions, that is 1182A3B44 and 5, the solicitation of funds and numbers, or under the broader category of material support to a terrorist organization. I would add that the Court's review, of course, is not de novo, but it is a substantial evidence quest, whether a substantial evidence test, whether Petitioner has put forth evidence that would compel a contrary determination. And she has not really presented anything aside from the idea that his involvement was minimal. But if the Court looks at the record, his record is actually really interesting to go through because they had the benefit of Yasif Chun's testimony, and Mr. Yasif Chun was the commander or the organizer of the CFF. And he very clearly laid out not only what the goal of the organization was from the onset, that is, he was dissatisfied with the elections and decided at one point that the only way to bring about a change in their government was through military means. He also said that in order to effectuate their attempt at coup, they needed members and they needed money. And Mr. Chun, the Petitioner here, assisted in providing both. He collected money and he recruited individuals to serve in the CFF. His testimony is clear that he knew the money would be used for fighters in the forest and guerrillas. So even though it could be categorized by Petitioner as minimal, it was critical to the ultimate ability of the CFF to even undertake the attempted coup that it did attempt. Could you address the Cat claim? Sure. That assumes, okay. I have to say that they actually did not argue Cat in their brief. So our first argument is that that's an argument that has been waived. They addressed asylum, they addressed withholding of removal in their briefs, but never challenged the determination with concerning Cat. I will then add that the burden on Cat is high. They have to show that it is more likely than not that Mr. Chun will be tortured, and there's simply no evidence of that. What the State Department reports show is that former CFF members have been arrested, but being arrested and going through a trial and ultimately being convicted of a crime is not torture. And that's one of the specific things that the regulation exempts, that is a lawful process where you go through a judicial system is not torture. And that's really what this Petitioner Chun fears is that he will be arrested. But that is not a showing that it is more likely than not that he will be tortured. I would also add that Mr. Chun was actually in Cambodia for a period of time after the coup attempt, and the police came to his house and they searched him and they allowed him to leave the country. And although other individuals have been tried in absentia, there has been no action against Mr. Chun specifically. So I guess that's a long way of saying he simply hasn't provided the court with evidence that would compel finding that it is more likely than not that he will be tortured, even if he hadn't waived that argument in his brief. So for those reasons and the reasons set forth in our brief, we ask that the court sustain the decision and deny the petition for review. Thank you. Okay, thank you. Would you like a moment for response? Yes, Your Honor, just briefly. Yes, please. I think the government's arguments are all speculative because he has not been arrested, that's correct. He was allowed to leave the country, but we didn't really have all the facts considering the circumstance, how he obtained the passport, how can he leave the country. But one thing for sure is that if he is a member of the CFF, because in the record there's a showing that his name is on the list, the government of Cambodia has obtained that list. And he more than likely and it's very our contention that he will be arrested by the government. But if he was tortured. I want to ask you two questions. First of all, the government has indicated, at least in my record, I don't remember your arguing CAT claims. Where in your brief do you argue CAT in your opening brief? No, I did not, Your Honor. Okay, so CAT, you know, under our rules, if you don't. Right. In your opening brief, it is arguably waived. The second point, I had dinner in San Francisco recently with a member of the Supreme Court of Cambodia. He was visiting members of the Ninth Circuit and he described a very extensive court system that is working to professionalize itself and so on. And like every court system, it's not perfect. Are you contending, and if so, where is it in the record, that because a person may be arrested and tried for terrorist activity in Cambodia, that that is torture? It's a possibility because of the country condition. Do you have any evidence that someone who has been arrested and tried within the court system has been tortured? No, I don't have that at this time. And isn't that the obligation of the aliens seeking to remain here under CAT? Don't you have to meet that burden in order to succeed? I believe so, Your Honor. I changed my argument today a little bit just because my previous argument, because I want to argue that CFF is not a terrorist group. I still want to submit that argument that CFF is not a terrorist group according to our current statute, according to our current listing from the Department of State. Okay. Thank you. Thank you, Your Honor. Thank you very much. The case of Ng, E-N-G, Chan, 06-75183 v. Holder is now submitted for decision. The next case on the argument calendar is Ng, E-N-G, Chan v. Holder, 06-75360.
judges: Kozinski, Pregerson, Mills